**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4355**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TYRELL BELLAMY, a/k/a Clifton Tyrell Evans, a/k/a Psycho,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (7:08-cr-00042-FL-1)

Argued: October 28, 2010      Decided: November 22, 2011

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Josiah John Corrigan, James Stockton Perry, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrell Bellamy appeals his 235-month sentence following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Bellamy argues that the district court erred in sentencing him as an armed career criminal because his prior North Carolina state conviction for eluding arrest with a motor vehicle, in violation of N.C. Gen. Stat. § 20-141.5 (2009), was not a violent felony. We conclude that resentencing is warranted in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Accordingly, we affirm Bellamy's conviction, vacate his sentence, and remand for resentencing.

The Armed Career Criminal Act's ("ACCA") provision for an enhanced sentence — a statutory range of fifteen years to life in prison — is applicable to a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is an offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves

2

conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).

Bellamy argues that his prior state conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under the North Carolina Structured Sentencing Act).  Bellamy, however, did not raise this argument in the district court.  Accordingly, our review is for plain error.  United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), cert. denied, ___ S. Ct. ___, 2011 WL 4536007 (Oct. 3, 2011).  To establish plain error, Bellamy must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even if Bellamy makes this showing, however, we exercise our discretion to correct plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted).  We conclude after review of the record that Bellamy has met his burden to establish plain error.

Bellamy's prior state conviction is a Class H felony under North Carolina law.  Although the record does not contain a copy of Bellamy's state judgment, it appears after review of the presentence report that the district court adopted that

3

Bellamy's prior state record level was Level III. N.C. Gen. Stat. §§ 14-87, 15A-1340.14(a), (b)(2), (c)(3), (d) (2009). Under the North Carolina Structured Sentencing Act, with a prior record in Level III, Bellamy could only have been imprisoned for a term exceeding one year for his conviction for eluding arrest with a motor vehicle if he received a sentence in the aggravated range. N.C. Gen. Stat. § 15A-1340.17(c)-(d). The present record does not include a copy of the state court judgment for this conviction, and does not otherwise indicate that Bellamy received an aggravated sentence. Therefore, because it appears that the conviction was not a proper predicate conviction for purposes of the ACCA, the district court erred by sentencing Bellamy as an armed career criminal.[1]

We also hold that the district court's error was "plain." For purposes of plain error review, "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" Olano, 507 U.S. at 734. "An error is plain where the law at the time of trial was settled and clearly contrary to the law at the time of appeal." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (internal quotation marks omitted). When Bellamy objected to his classification as an armed career

---

[1] This determination, of course, implies no criticism of the experienced district judge, who dutifully applied then-authoritative Circuit precedent at Bellamy's sentencing.

4

criminal in the district court, any objection based on his sentence exposure for his prior state offense was foreclosed by this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Because Simmons has now overruled Harp, however, we find that the district court's error was plain. Simmons, 649 F.3d at 241 ("[W]e now conclude that Harp no longer remains good law.").

The error also affected Bellamy's substantial rights. Had Bellamy not been classified as an armed career criminal, the statutory maximum for his § 922(g) conviction would have been ten years, slightly more than half the length of the 235-month sentence actually imposed.

Because Bellamy received a longer sentence than he could have received were it not for his classification as an armed career criminal, we find it appropriate to notice the district court's sentencing error. Accordingly, we vacate Bellamy's sentence and remand for resentencing under Simmons.[2]

---

[2] In light of our disposition, we need not address Bellamy's arguments that his prior state conviction does not "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."

5

Bellamy does not challenge his conviction on appeal, and we therefore affirm it.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART</u>,<br>
<u>AND REMANDED</u>