**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4102**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TYRELL BELLAMY, a/k/a Clifton Tyrell Evans, a/k/a Psycho,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Louise W. Flanagan, District Judge.  (7:08-cr-00042-FL-1)

Submitted:  August 7, 2012        Decided:  August 14, 2012

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Perry, PERRY, PERRY & PERRY, Kinston, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrell Bellamy pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court initially sentenced Bellamy as an armed career criminal to 235 months' imprisonment. Bellamy appealed, and, in an unpublished opinion following oral argument, we affirmed Bellamy's conviction, vacated his sentence, and remanded for resentencing under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). United States v. Bellamy, 455 F. App'x 346, 348-49 (4th Cir. 2011) (No. 09-4355).

On remand, the district court established a new Guidelines range without the armed career criminal enhancement. The court calculated Bellamy's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2011) at eighty-four to 105 months' imprisonment and sentenced Bellamy to 105 months' imprisonment. Bellamy appeals, arguing that his Sixth Amendment right to a jury trial was violated when the district court increased his base offense level four levels under USSG § 2K2.1(b)(6)(B) based on facts not proven to a jury beyond a reasonable doubt or admitted by him. We affirm.

As an initial matter, we conclude that the mandate rule does not preclude our consideration of Bellamy's argument that the district court erred in imposing the four-level

2

enhancement. The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Bellamy, however, lacked the opportunity or incentive in his initial appeal to raise the Guidelines challenge he now presses because the Guidelines range calculated and applied at initial sentencing was based on the district court's determination that he was an armed career criminal. Accordingly, the mandate rule does not bar this issue. See United States v. Quintieri, 306 F.3d 1217, 1229-30 (2d Cir. 2002) ("[I]f a sentencing determination had no practical effect on a defendant's sentence at the original sentencing but becomes relevant only after appellate review, a defendant is free to challenge that sentencing determination on remand, and ultimately on reappeal, despite the failure to challenge that determination initially."); cf. Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992) ("It is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." (internal quotation marks omitted)).

With respect to the merits of Bellamy's challenge, we conclude that his Sixth Amendment right to a jury trial was not violated when the district court increased his base offense level four levels under USSG § 2K2.1(b)(6)(B). The district court's application of the enhancement did not result in a sentence greater than that authorized by his guilty plea. 18 U.S.C. § 924(a)(2). Accordingly, the district court did not violate the Sixth Amendment in applying the enhancement. See Rita v. United States, 551 U.S. 338, 352 (2007) (recognizing that the Supreme Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (holding that, as long as the Guidelines range is treated as advisory, a sentencing court may consider and find facts by a preponderance of the evidence, provided that those facts do not increase a sentence beyond the statutory maximum); United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) (stating that the district court did not violate the Sixth Amendment by imposing a sentence based on facts not found by a jury).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED